# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  April 27, 2020

Mr. Alexander V. Lyzohub
14700 Farmington Road
Suite 101
Livonia, MI 48154

Mr. Andrew Joseph Yahkind
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Re:  Case No. 19-1134, *USA v. Taras Nykoriak*
Originating Case No. : 2:15-cr-20509-1

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc:  Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**
**File Name:  20a0226n.06**

No. 19-1134

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 27, 2020
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,           )
                                    )
    Plaintiff-Appellee,            )
                                    )
v.                                  )
                                    )
TARAS P. NYKORIAK,                  )
                                    )
    Defendant-Appellant.           )

ON APPEAL FROM THE
UNITED STATES COURT
FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE:  SILER, GIBBONS, and READLER, Circuit Judges.

JULIA S. GIBBONS, Circuit Judge.  Taras Nykoriak challenges the district court's denial of his motion for early termination of supervised release.  He argues that the district court abused its discretion by failing to hold a hearing or consider certain 18 U.S.C. § 3553(a) factors.  Because Nykoriak waived his right to appeal district court decisions related to his sentence, we affirm the district court's decision.

Nykoriak pled guilty to theft of government property in violation of 18 U.S.C. § 641**.**  In his plea agreement, Nykoriak waived "any right he may have to appeal his sentence," unless the district court imposed an above-guidelines-range sentence.  DE 15, Plea Agreement, Page ID 59. The district court imposed a guidelines-range sentence of sixteen-months' imprisonment followed by three years of supervised release.  Nykoriak's term of supervised release began in May 2017 and concludes in May 2020.  In November 2018, Nykoriak moved for early termination of supervised release.  *See* 18 U.S.C. § 3583(e)(1).  Nykoriak seeks early termination so he can travel

Case No. 19-1134, *United States v. Nykoriak*

to the Ukraine to visit an ill uncle, attend a religious ceremony, and respond to legal proceedings concerning his inheritance.

In January 2019, the district court denied the motion without conducting a hearing, saying only: "Defendant Taras Nykoriak, through his attorney, filed a Motion to terminate supervised release pursuant to 18 U.S.C. § 3583 on November 15, 2018. The government filed a Response on December 3, 2018. The Court, after considering the relief requested, hereby DENIES the motion. The defendant remains on supervised release." DE 26, Order, Page ID 168 (internal citations omitted). Nykoriak appealed.

Because we have subject-matter jurisdiction over Nykoriak's appeal under 28 U.S.C. § 1291, we proceed to the merits. *United States v. Marshall*, No. 18-2267, 2020 WL 1467210, at *5 (6th Cir. Mar. 26, 2020). Here, Nykoriak's decision to waive his appellate rights as part of his plea agreement is dispositive.

"A defendant may waive any right, even a constitutional one, in a plea agreement, so long as he knowingly and voluntarily relinquishes the right." *United States v. Curry*, 547 F. App'x 768, 770 (6th Cir. 2013) (citing *United States v. Gibney*, 519 F.3d 301, 305–06 (6th Cir. 2008)). Nykoriak does not argue that he did not knowingly and voluntarily enter his plea agreement. Under the agreement, the only condition under which Nykoriak would have been relieved of the waiver's burden was if the district court imposed an above-guidelines-range sentence. Nykoriak's sentence of sixteen months was within the guidelines range. Nykoriak thus cannot escape his waiver of appellate rights.

Nevertheless, Nykoriak makes two arguments for why we should not enforce his waiver. Neither is availing. First, Nykoriak argues the government waived the argument that he waived his appellate rights by failing to mention Nykoriak's waiver of appellate rights to the district court.

2

Case No. 19-1134, *United States v. Nykoriak*

That argument is without merit.  Before the district court, Nykoriak was not appealing anything, so the government would have had no reason to mention Nykoriak's appeal waiver.  And the government did raise Nykoriak's waiver in its brief to this court.

Second, Nykoriak argues that when he waived his right to appeal his sentence, he did not waive his right to appeal a denial of a motion for early termination of supervised release.  Our precedents do not support Nykoriak's argument.  We have previously held that waivers of the right to appeal a sentence waive a defendant's right to appeal all parts of a sentence, not just the term of imprisonment.  In *United States v. Winans*, we held that a defendant's waiver of his right to appeal his sentence encompassed a waiver of his right to appeal a restitution order because "restitution is a part" of one's sentence.  748 F.3d 268, 271 (6th Cir. 2014).  We reaffirmed *Winans* in *United States v. Grundy*, 844 F.3d 613, 615 (6th Cir. 2016).  And we have held that "[s]upervised release is part of a sentence."  *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014); *see also id.* ("[T]he overall sentence . . . includes both the period of incarceration and the conditions of supervised release.").

Nor can Nykoriak find support in precedent from other circuits.  The Third, Fifth, and Ninth Circuits hold that, because the term of supervised release is part of the sentence, appeal from a denial of a motion for early termination is an appeal of a sentence barred by a plea agreement's appeal waiver.  *United States v. Scallon*, 683 F.3d 680, 683–84 (5th Cir. 2012); *United States v. Brown*, 415 F. App'x 778, 779 (9th Cir. 2011); *United States v. Laine*, 404 F. App'x 571, 573 (3d Cir. 2010).

Accordingly, we enforce Nykoriak's appellate waiver and affirm the judgment of the district court.

3